IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

RONALD PARZICH AND MARLENE PARZICH,

    Debtor.

Bankruptcy No. 05-20864-MBM

Ronald Parzich and Marlene Parzich,
    Movants,

Chapter 7

v.

Doc. No. 15

Policemen's Relief and Pension Fund
of the City of Pittsburgh,
    Respondent.

## MEMORANDUM

**AND NOW,** this **6th day** of **May, 2005,** upon consideration of the Motion For Sanctions Under 11 U.S.C. § 362(h) by Ronald and Marlene Parzich, the above-captioned debtors (hereafter "the Debtors"), wherein the Debtors contend that the Policemen's Relief and Pension Fund of the City of Pittsburgh (hereafter "the Pension Fund") has, since the commencement of the instant bankruptcy case, repeatedly and willfully violated the automatic stay put in place in the instant case by virtue of the Pension Fund's refusal to distribute monthly pension payments due to the Debtor Ronald Parzich;

and upon consideration of the response to such motion by the Pension Fund, wherein the Pension Fund takes the position that it has not violated such automatic stay because, argues the Pension Fund in turn, it was entitled, by virtue of an application of the doctrine of recoupment, to withhold such monthly

pension payments so that they could be offset against an amount that the Pension Fund maintains was previously improperly obtained by Ronald Parzich from the Pension Fund;

and because recoupment, that is legally permitted recoupment, post-petition by a creditor of amounts due a debtor constitutes neither a setoff nor an act that is otherwise automatically stayed by any provision in 11 U.S.C. § 362(a), see, e.g., 3 Collier on Bankruptcy, ¶ 362.03[9][b] at 362-39 to 362-40 (Bender 2004);

and since an appeal by the Pension Fund is presently pending in the Pennsylvania Commonwealth Court of a September 17, 2004 decision by the Pennsylvania Court of Common Pleas, Allegheny County, that imposed a preliminary injunction upon the Pension Fund (hereafter "the September 17, 2004 State Court Order"), which injunction thus required the Pension Fund to resume distribution of monthly pension payments to Ronald Parzich from September 17, 2004, going forward;

and because the issue of whether the Pension Fund can properly recoup the monthly pension payments that it has withheld from Ronald Parzich is necessarily before the Commonwealth Court within the context of the Pension Fund's appeal of the September 17, 2004 State Court Order;[1]

and given that the Pension Fund has posted a $30,549.06 bond in the

---

[1] The issue of the propriety of such recoupment also appears to remain before the Common Pleas Court within the context of the declaratory judgment action brought by Ronald Parzich in such court.

2

appropriate state court regarding its aforesaid appeal of the September 17, 2004 State Court Order, thereby apparently obtaining a stay of such order and its consequent obligation to resume distribution of the monthly pension payments to Ronald Parzich;

and because a willful violation of the automatic stay cannot be predicated upon a creditor's acts of recoupment, even if improper, when (a) such acts are not taken in defiance of a court order, and (b) such creditor had persuasive legal authority to support its recoupment position, see In re University Medical Center, 973 F.2d 1065, 1088-89 (3rd Cir. 1992);

and since the Pension Fund has persuasive legal authority to support its position that it could recoup the monthly pension payments that it has withheld from Ronald Parzich, and given that the Pension Fund has appealed the September 17, 2004 State Court Order, posted the aforementioned bond, and thereby thus apparently obtained a stay of the September 17, 2004 State Court Order;

and after notice and a hearing on the Motion For Sanctions Under 11 U.S.C. § 362(h), which hearing was held on May 3, 2005;

the Court determines that it shall issue an order that:

(a)   denies without prejudice the Motion for Sanctions Under 11 U.S.C. § 362(h);

(b)   it will not presently rule as to whether the Pension Fund technically violated the automatic stay by virtue of the Pension Fund's recoupments until the state court litigation regarding the propriety of such recoupments

AO 72A
(Rev. 8/82)

is finally concluded, and that it need not even then rule unless a subsequent need arises, and another motion is then brought by the Debtors, for enforcement of the automatic stay, such as in the event that, after the foregoing state court litigation has been completed, it is determined that the Pension Fund's recoupments were improper yet the Pension Fund nevertheless once again refuses to distribute the pension payments that have been withheld since the commencement of the instant bankruptcy case – the Court abstains from resolving itself the issue of whether the Pension Fund's recoupments were proper because such issue (i) is presently before the appropriate Pennsylvania state courts, and (ii) is decidedly one of Pennsylvania state law (particularly since it impacts upon at least one Pennsylvania statute); and

(c) directs the Pension Fund to move for relief from stay in the instant bankruptcy case, in writing within fifteen (15) days from the date of the instant Memorandum and accompanying Order of Court, so that it may prosecute to a conclusion its appeal that is presently pending in the Commonwealth Court, which pending appeal the Court understands has been tabled by the Commonwealth Court since, and due to, the commencement of the instant bankruptcy case.

BY THE COURT

M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

AO 72A
(Rev. 8/82)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

RONALD PARZICH AND MARLENE PARZICH,

        Debtor.

Bankruptcy No. 05-20864-MBM

Ronald Parzich and Marlene Parzich,
        Movants,

Chapter 7

v.

Doc. No. 15

Policemen's Relief and Pension Fund
of the City of Pittsburgh,
        Respondent.

## ORDER OF COURT

**AND NOW,** this **6h day** of **May, 2005**, for the reasons set forth in the accompanying Memorandum of same date, and using the nomenclature that is utilized in said Memorandum, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a)    the Motion for Sanctions Under 11 U.S.C. § 362(h) is **DENIED WITHOUT PREJUDICE**;

(b)    a ruling will not be made as to whether the Pension Fund technically violated the automatic stay by virtue of the Pension Fund's recoupments until the state court litigation regarding the propriety of such recoupments is finally concluded – furthermore, such ruling shall only be necessary, and thus shall only be made, if a subsequent need arises, and another motion is then brought by the Debtors, for enforcement of the automatic

AO 72A
(Rev. 8/82)

stay; and

(c) the Pension Fund is **DIRECTED** to move for relief from stay in the instant bankruptcy case, in writing within fifteen (15) days from the date of the instant Order of Court, so that it may prosecute to a conclusion its appeal that is presently pending in the Commonwealth Court.

**BY THE COURT**

M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

copies to:

Norma Chase, Esq.
220 Grant Street
Pittsburgh, PA 15219

James N. Perich, Esq.
820 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Carlota M. Bohm, Esq.
Houston Harbaugh
Three Gateway Center, 22nd Floor
Pittsburgh, PA 15222



2

AO 72A
(Rev. 8/82)